UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

00-0131-CR-MORENO
NO. _____
MAGISTRATE JUDGE
DUBÉ

8 USC 1328
18 USC 371
18 USC 2422(a)
18 USC 1956(a)(1)(A)(i)
18 USC 1957(a)
18 USC 982(a)(1) and (a)(2)
18 USC 2

UNITED STATES OF AMERICA

v.

RONALD R. EPPINGER and
LUCIE FAUBERT
_____/

### INDICTMENT

The Grand Jury charges that:

### COUNT 1

From in or about January 1997 through June 1999, the exact dates being unknown to the Grand Jury, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

RONALD R. EPPINGER, and
LUCIE FAUBERT,

did knowingly and willfully combine, conspire, confederate, and agree with persons both known and unknown to the Grand Jury to import into or attempt to import into, and keep, support, employ or harbor, in the United States, an alien for the purpose of prostitution, in violation of Title 8, United States Code, Section 1328.

FEB 2 0 2000

Rec'd in MIA Dkt _____

## OBJECT OF THE CONSPIRACY

The primary purpose of the conspiracy was to import Czech and other Eastern European females into the United States posing as tourists for the purpose of prostitution, in order to financially enrich the defendants and their co-conspirators.

## MANNER AND MEANS

It was a manner and means of the conspiracy for the defendants to periodically travel to and within the Czech Republic, and conspire with their co-conspirators to recruit Czech females willing to work as prostitutes in the United States. It was a further manner and means to assist the Czech females in obtaining tourist visas to allow them to enter the United States. It was a further manner and means of the conspiracy to instruct, manage, and supervise the Czech females who worked as prostitutes in the Southern District of Florida and elsewhere, for the financial benefit of the defendants and their co-conspirators.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects thereof, the defendants and their co-conspirators, both known and unknown to the Grand Jury, committed and caused to be committed the following overt acts in the Southern District of Florida and elsewhere:

1. In or about August or September 1998, the exact dates being unknown to the Grand Jury, the defendant, Ronald R. Eppinger, and a co-conspirator offered to assist a Czech female, that is, G.S., to travel to the United States to work as a prostitute/model.

2. In or about September of 1998, the defendants and their co-conspirators facilitated G.S.'s entry into the Southern District of Florida.

3. In or about September of 1998, after G.S. arrived in the Southern District of

Florida, she met with the defendant, Ronald R. Eppinger, who advised her that she would be working as a prostitute, and they discussed the amount of money that she would earn as a prostitute.

4. From approximately September 1998 to December 1998, and from approximately January 1999 to March 1999, the exact dates being unknown to the Grand Jury, the defendant, Ronald R. Eppinger, and a co-conspirator directed and supervised G.S.'s work as a prostitute in the Southern District of Florida.

5. In or about May 1999, the defendant, Lucie Faubert, facilitated the travel of another Czech female, that is, P.S., from the Czech Republic to the Southern District of Florida, for the purpose of prostitution.

6. On or about May 26, 1999, the defendants, Ronald R. Eppinger, and Lucie Faubert, had a conversation regarding, in part, P.S.'s prostitution activities. Eppinger complained that P.S., who had just arrived in the Southern District of Florida, was "nervous" about working as a prostitute. Faubert then spoke with P.S. and persuaded her to work as a prostitute for Eppinger.

7. On or about May 26, 1999, the defendant, Lucie Faubert promised to send her co-defendant, Ronald R. Eppinger, two more Czech females within a month, for the purpose of prostitution.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

In or about May 1999, the exact dates being unknown to the Grand Jury, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

LUCIE FAUBERT,

did import, or attempt to import, into the United States, an alien for the purpose of prostitution, in violation of Title 8, United States Code, Section 1328, and Title 18, United States Code, Section 2.

### COUNT 3

In or about May 1999, the exact dates being unknown to the Grand Jury, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### RONALD R. EPPINGER,

did keep, support, employ or harbor, in the United States, an alien for the purpose of prostitution, in violation of Title 8, United States Code, Section 1328, and Title 18, United States Code, Section 2.

### COUNT 4

On or about April 22, 1998, the exact date being unknown to the Grand Jury, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### RONALD R. EPPINGER,

knowingly persuaded, induced, enticed, and coerced an individual known to the Grand Jury, that is, E.I., to travel in foreign commerce from Miami, Florida, to Nassau, Bahamas, to engage in prostitution, in violation of Title 18, United States Code, Section 2422(a).

### COUNT 5

On or about May 7, 1998, the exact date being unknown to the Grand Jury, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### RONALD R. EPPINGER,

knowingly persuaded, induced, enticed, and coerced an individual known to the Grand Jury, that is, S.Q., to travel in interstate commerce from Miami, Florida, to New York, New York, to engage in prostitution, in violation of Title 18, United States Code, Section 2422(a).

### COUNT 6

On or about May 6, 1999, the exact date being unknown to the Grand Jury, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### RONALD R. EPPINGER,

knowingly persuaded, induced, enticed, and coerced an individual known to the Grand Jury, that is, S.Q., to travel in interstate commerce from Miami, Florida, to New York, New York, to engage in prostitution, in violation of Title 18, United States Code, Section 2422(a).

### COUNT 7

On or about May 26, 1999, the exact date being unknown to the Grand Jury, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### RONALD R. EPPINGER,

knowingly persuaded, induced, enticed, and coerced an individual known to the Grand Jury, that is, L.D., to travel in foreign commerce from Miami, Florida, to international waters, to engage in prostitution, in violation of Title 18, United States Code, Section 2422(a).

### COUNT 8

On or about June 2, 1999, the exact date being unknown to the Grand Jury,

at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

RONALD R. EPPINGER,

knowingly persuaded, induced, enticed, and coerced an individual known to the Grand Jury, that is, P.S., to travel in interstate commerce from Miami, Florida, to Dallas, Texas, to engage in prostitution, in violation of Title 18, United States Code, Section 2422(a).

## COUNT 9

On or about June 22, 1999, the exact date being unknown to the Grand Jury, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

RONALD R. EPPINGER,

knowingly persuaded, induced, enticed, and coerced an individual known to the Grand Jury, that is, L.D., to travel in interstate commerce from Miami, Florida, to New York, New York, to engage in prostitution, in violation of Title 18, United States Code, Section 2422(a).

## COUNT 10

On or about May 26, 1999, at Miami, Dade County, in the Southern District of Florida and elsewhere, the defendant,

RONALD R. EPPINGER,

did knowingly conduct, and attempt to conduct, a financial transaction affecting interstate commerce, to wit, the purchase of a 33-foot Donzi motor vessel, hull number DMRFB104C888, in Miami-Dade County, Florida, which transaction involved the proceeds of a specified unlawful activity, that is, proceeds from prostitution, punishable under the laws of the United States, with the intent to promote the carrying on of specified unlawful

6

activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction, that is, approximately thirty thousand dollars ($30,000), represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

### COUNT 11

On or about May 28, 1999, at Fort Lauderdale, Broward County, in the Southern District of Florida and elsewhere, the defendant,

### RONALD R. EPPINGER,

did knowingly conduct, and attempt to conduct, a financial transaction affecting interstate commerce, to wit, the purchase of a 1997 Lincoln Town Car limousine, VIN number 1LNLM81W0VY617521, in Broward County, Florida, which transaction involved the proceeds of a specified unlawful activity, that is, proceeds from prostitution, punishable under the laws of the United States, with the intent to promote the carrying on of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction, that is, United States currency in the amount of approximately eighteen thousand dollars ($18,000), represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

### COUNT 12

On or about April 9, 1999, at, Miami, Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

### RONALD R. EPPINGER,

7

did knowingly engage in and attempt to engage in a monetary transaction, that is, the deposit of United States currency, in the amount of approximately forty-seven thousand five hundred dollars ($47,500), into an account at Mandaley Bay Casino in Las Vegas, Nevada, in criminally derived property of a value greater than $10,000, which property was derived from a specified unlawful activity, that is, knowingly persuading, inducing, enticing and coercing an individual to travel in interstate commerce to engage in prostitution, in violation of Title 18, United States Code, Section 2422(a), as alleged in counts 4-9 of this indictment.

All in violation of Title 18, United States Code, Sections 1957(a) and 2.

## COUNT 13

On or about April 30, 1999, at, Miami, Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

### RONALD R. EPPINGER,

did knowingly engage in and attempt to engage in a monetary transaction, that is, the deposit of United States currency, in the amount of approximately forty-five thousand dollars ($45,000), in an account at Rio Suites Hotel and Casino in Las Vegas, Nevada, in criminally derived property of a value greater than $10,000, which property was derived from a specified unlawful activity, that is, knowingly persuading, inducing, enticing and coercing an individual to travel in interstate commerce to engage in prostitution, in violation of Title 18, United States Code, Section 2422(a), as alleged in counts 4-9 of this indictment.

8

All in violation of Title 18, United States Code, Sections 1957(a) and 2.

### Forfeiture; 18 U.S.C. § 982

The allegations contained in paragraphs 1 through 13 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein, for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Sections 982(a)(1) and (a)(2).

As a result of the foregoing offenses contained in Counts 10 through 13, the defendant,

### RONALD R. EPPINGER,

shall forfeit to the United States all property, real and personal, involved in and constituting and derived from proceeds which the defendant, RONALD R. EPPINGER, obtained directly and indirectly as a result of the aforestated offenses, in violation of Title 18, United States Code, Sections 1956(a)(1) and 1957(a).

Such forfeitures shall include the following:

    a.    $92,500 in United States Currency, and all interest and proceeds traceable thereto, in that such sum in aggregate is property which was involved in, and derived directly and indirectly from, the aforestated offenses.

    b.    A 33-foot Donzi motor vessel, hull number DMRFB104C888, in that such vessel is property which was obtained with $30,000 of proceeds involved in, and derived directly and indirectly from, the aforestated offenses.

    c.    A 1997 Lincoln Town Car limousine, VIN number

1LNLM81W0VY617521, in that such vehicle is property which was obtained with $18,000 of proceeds involved in, and derived directly and indirectly from, the aforestated offenses.

  d. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred, or sold to, or deposited with a third party;

    (3) has been placed beyond the jurisdiction of the Court; or

    (4) has been commingled with other property which cannot be subdivided with difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

In violation of Title 18, United States Code, Sections 982(a)(1) and (a)(2).

A TRUE BILL

_____
FOREPERSON

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____
SCOTT E. RAY
ASSISTANT UNITED STATES ATTORNEY

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA     CASE NO. 00 - 0131 CR-MORENO

v.                                       CERTIFICATE OF TRIAL ATTORNEY*    MAGISTRATE JUDGE
                                                                            DUBE
RONALD EPPINGER, and
LUCIE FAUBERT
                                         **Superseding Case Information**:

**Court Division:** (Select One)         New Defendant(s)         Yes ___   No ___
                                         Number of New Defendants      ___
_X_ Miami   ___ Key West                 Total number of counts         ___
___ FTL     ___ WPB  ___ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:     (Yes or No) _No_
    List language and/or dialect _____

4.  This case will take _5_ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                          (Check only one)

    I    0 to 5 days      _X_          Petty       ___
    II   6 to 10 days     ___          Minor       ___
    III  11 to 20 days    ___          Misdem.     ___
    IV   21 to 60 days    ___          Felony      _X_
    V    61 days and over ___

6.  Has this case been previously filed in this District Court? (Yes or No) _NO_
    If yes:
    Judge: _____    Case No. _____
    (Attach copy of dispositive order)

    Has a complaint been filed in this matter?(Yes or No) _No_
    If yes:
    Magistrate Case No. _____
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____     District of _____

    Is this a potential death penalty case? (Yes or No) _No_

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? _X_ Yes ___ No   If yes, was it pending in the Central Region? ___ Yes _X_ No

                                         _____
                                         SCOTT E. RAY
                                         ASSISTANT UNITED STATES ATTORNEY
                                         Florida Bar No. 802050

*Penalty Sheet(s) attached                                    REV.4/7/99

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant Name: RONALD EPPINGER          Case No. _____

Count #: I

    8 USC 371

**\*Max. Penalty:**   5 years imprisonment

============================================================================
Count #: II, IV, V, VI and VII

    18 USC 2422(a)

**\*Max. Penalty:**   5 years imprisonment

============================================================================
Count #: III

    8 USC 1328

**\*Max. Penalty:**   10 years imprisonment

============================================================================
Count #: VIII - IX

    18 USC 1956(a)(1)(A)(i) and 2

**\*Max. Penalty:**   20 years imprisonment

============================================================================
Count #: X - XI

    18 USC 1957(a) and 2

**\*Max. Penalty**   10 years imprisonment

============================================================================
Count #: XII

    18 USC 982(a)(1) and (a)(2)

**\*Max. Penalty: Forfeiture**

============================================================================
\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**00 - 0131 CR-MORENO**
PENALTY SHEET
MAGISTRATE JUDGE
DUBÉ

**Defendant Name:** LUCIE FAUBERT          **Case No.** _____

---

Count #: I

    8 USC 371

**\*Max. Penalty:**    5 years imprisonment

==============================================================

Count #: II

    8 USC 1328

**\*Max. Penalty:**    10 years imprisonment

==============================================================

Count #: 

**\*Max. Penalty:**

==============================================================

Count #:

**\*Max. Penalty**

==============================================================

Count #:

**\*Max. Penalty:**

==============================================================

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

GRAND JURY INDICTMENT NO. PG981-25

NO.

00-131-CR-MORENO

MAGISTRATE JUDGE
DUBÉ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

v.s.

RONALD EPPINGER

## INDICTMENT
### IN VIOLATION OF

```
 8 USC 1328     18 USC 371
18 USC 2422(a)  18 USC 1956(a)(1)(A)(i)
18 USC 1957(a)  18 USC 982(a)(1) and (a)(2)
18 USC 2
```

98-01(MIA)

*A true bill*

*Foreman* [signature]

*Filed in open court this* 24 *day,*
*of* Feb. *A.D.* 2000
[signature]
*Clerk*

*Bail, $* ------