UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.00-131-CR-MORENO

UNITED STATES OF AMERICA, :

    Plaintiff, :

v. :

RONALD EPPINGER, :

    Defendant. :

FILED by ___ D.C.
MAY 2 _ 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on May 14, 2001, a hearing was held to determine whether the defendant, RONALD EPPINGER should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required. Therefore, it is hereby ordered that the defendant RONALD EPPINGER be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged in twelve counts of a thirteen-count indictment with conspiracy to import and keep an alien in the United States for purposes of prostitution, in violation of 8 U.S.C. § 1328 and 18 U.S.C. § 371 (Count 1); with keeping, supporting, employing and harboring an alien in the United States for the purpose of prostitution, in violation of 8 U.S.C. § 1328 (Count 3); with persuading, inducing, and enticing an individual to travel in foreign commerce to engage in prostitution, in violation of 18 U.S.C. § 2422(a) (Counts 4 - 9); and with money laundering concerning the proceeds



of prostitution offenses, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (Counts 10 and 11), and in violation of 18 U.S.C. § 1957(a) (Counts 12 and 13). These offenses carry maximum sentences of imprisonment of five years' imprisonment (Counts 1, 4- 9); ten years' imprisonment (Counts 3, 12-13); and twenty years' imprisonment (Counts 10-11). The government roughly estimated the potential sentence under the guideline range to be between 46 and 63 months. Therefore, although the defendant is facing a significant period of incarceration, the crime with which the defendant is charged is not a crime of violence or drug trafficking crime, and there is no presumption that the defendant is either a risk of flight or a danger to the community. 18 U.S.C. § 3142(g)(1).

2. Probable cause to believe that the defendant committed these offenses is established by the indictment in this case. Moreover, based upon the proffer of the Assistant United States Attorney and the testimony at the detention hearing of FBI Special Agent Randy Glass, the weight of the evidence against the defendant is substantial since it is based upon intercepted wire communications in which the defendant boasts of bringing foreign nationals into the United States, and how much he charges for their time; records which corroborate the travel, and by information from the cooperating co-defendant. The defendant was involved in persuading women to come to the United States with the promise of money. Once they arrived, they stayed with the defendant at his condominium at The Grand. The defendant arranged for prostitution dates for these women, and provided them with food and clothing. The defendant would retain 40 percent of the money earned by the women, and pay them the remainder. The government proffered, however, that there is no reason to believe that the defendant used force or threats of force against these women.

The evidence also established that the defendant moved from the United States to the Czech Republic in June 1999. At that time, the defendant was aware that he

was under investigation. An employee of the defendant was overheard saying that the defendant was packing up to leave the country in order to hide from the FBI. The defendant's cousin advised the FBI that in November 1999, the defendant telephoned his cousin and requested his cousin to bring money to the defendant in the Czech Republic. The cousin refused to do so because he believed it would be illegal. When the defendant left the United States, he abandoned three condominiums he owned at The Grand, and ceased making mortgage payments, causing foreclosure by the mortgage note holders. He also abandoned certain personal property located in those condominiums. The defendant advised pretrial services that those condominiums had been seized by the government, which was not true. Defense counsel proffered that the defendant had abandoned those units because they were substantially mortgaged and had no equity in them. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are that the defendant is a native and citizen of the United States who was born in Massachusetts on February 25, 1936. He lived at The Grand condominium complex for seven or eight years prior to his departure to the Czech Republic in June 1999. While in the Czech Republic, the defendant lived with his fiance, who continues to reside there. The defendant reported to pretrial services that he had been unemployed for the past two and a half years, and that he supported himself as a professional gambler. The undersigned Magistrate Judge finds from a preponderance of the evidence that the defendant left the United States to avoid future prosecution on these charges. In addition to the previously stated evidence of this fact, the defendant left the United States within days after his counsel obtained a copy of a police report from the Wilton Manors police department which referred to the existence of the FBI investigation. Moreover, the extradition treaty between the United States and the

3

Czech Republic does not cover these offenses. The FBI was advised by government officials of the Czech Republic that the defendant was living there under the name of David Benjamin or Benjamin David. Although when the defendant was arrested while in transit through Germany he was traveling on his United States passport in his own name, and after the German government ruled that he should be extradited to the United States, the defendant waived his right to seek appellate review, these facts are insufficient to overcome the weight of the evidence that the defendant was seeking to avoid his potential future arrest on these charges.

The undersigned Magistrate Judge recognizes that the defendant has ties to this community. The defendant's son lives in Pompano Beach, Florida. The defendant's son owns a home in which he has approximately $150,000 in equity, has bank accounts with approximately $20,000.00 and is willing to co-sign on a bond. In addition, the defendant has friends in the community who were willing to co-sign on bonds. For example, one of these friends, Robert Roth, owns IGT credit card company, which employs between 150 and 200 people, and has an income of over $100 million a year. Mr. Roth has known the defendant for approximately 12 years, and previously employed him approximately ten years ago. Mr. Roth was willing to employ the defendant and co-sign on a bond up to $50,000. Other persons with substantial ties to this community were also willing to co-sign on bonds. Due to the unavailability of significant cash assets, the defendant requested release on a bond secured by a ten percent deposit into the registry of the court, rather than a corporate surety bond.

The criminal history of the defendant reflects that he was arrested by the DEA and convicted in this Court in 1975 for possession with intent to distribute a controlled substance, and sentenced to 18 months' confinement, followed by a 5-year special parole

term. Defense counsel proffered that this offense involved approximately one ounce of cocaine. His record reflects arrests with no disposition in 1988 for grand larceny and dealing in stolen property. In April 1999 he was convicted of a prostitution offense and adjudication was withheld. The record also reflects an arrest by the Miami-Dade Police Department on 6/29/99 for four counts of child abuse, interference with child custody, and six counts of lewd and lascivious assault on a child, with no disposition; however, SA Glass testified that the defendant was unaware of the state charges at the time. 18 U.S.C. § 3142(g)(3)(A) and (B).

  4. The Court specifically finds, by a preponderance of the evidence, that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required. This finding is based upon the defendant's criminal history, the fact that the defendant fled to the Czech Republic knowing of this investigation and seeking to avoid the possibility of arrest, and lived there under an assumed name, the fact that he has substantial ties to the Czech Republic, having lived there with his fiance for approximately one and a half years prior to his arrest, that he has no stable employment record, and that his ties to the United States, which would otherwise be considered significant, have been substantially diminished by the fact that he has not returned here since he left. Moreover, the evidence against the defendant is very strong, and the defendant is facing a significant period of incarceration if convicted, and this provides an additional incentive to flee. The undersigned Magistrate Judge finds that the co-signatures of the defendant's son and other persons in the community, even if coupled with a corporate surety bond, would not be sufficient to reasonably assure the presence of the defendant as required. 18 U.S.C. § 3142(e).

5

Based upon the above findings of fact, which were supported by a preponderance of the evidence, the Court has concluded that this defendant presents a risk of flight. The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** at Miami, Florida, this 25th day of May, 2001.

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Federico A. Moreno,
    United States District Judge
AUSA Scott Ray, Esq.
Nathan Diamond, Esq.
 Pretrial Services